**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAE WON KIM, HEE SOO KIM, and HEATHER KIM<br><br>                              Plaintiffs,<br>     v.<br><br>KINI LLC CORP, JUWON SONG, and CHAN YOUNG PARK<br>                              Defendants, | Index No. 20-Civ-6009<br><br><br>**COMPLAINT** |

Plaintiffs TAE WON KIM, HEE SOO KIM andk HEATHER KIM (hereinafter referred to as Plaintiffs), by and through their attorney, Ryan Kim Law, P.C., hereby bring this complaint against Defendants KINI LLC CORP, JUWON SONG, and CHAN YOUNG PARK, and allege as follows:

## INTRODUCTION

1. This action is brought by the Plaintiffs TAE WON KIM, HEE SOO KIM, and HEATHER KIM, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 et seq. and New York Labor Law (NYLL), arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

1

3. Plaintiffs allege pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and or (4) attorney's fees and cost.

4. Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) 9% simple prejudgment interest provided by NYLL, (6) post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFFS**

7. From on or about October 2, to June 28, 2020, Plaintiff TAE WON KIM and HEE SOO KIM were employed by Defendants to work as restaurant workers for Defendants.

8. From on or about October 2, to April 5, 2020, Plaintiff HEATHER KIM was employed by Defendants to work as a restaurant worker for Defendants.

**DEFENDANTS**

*Corporate Defendant*

9. Defendant KINI LLC CORP is a domestic business corporation organized under the laws of the State of York with a principal address at 4227 35th Avenue Long Island City, NY 11101.

10. KINI LLC CORP is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. KINI LLC Corp purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

12. The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law, NYBSC § 630(a), NYLLC § 609(c).

13. JUWON SONG and CHAN YOUNG PARK are known as Owners to Plaintiffs and License holders of appearance Enhancement Business KINI LLC CORP, and, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KINI LLC CORP.

14. JUWON SONG and CHAN YOUNG PARK hired Plaintiffs.

15. JUWON SONG and CHAN YOUNG PARK fired Plaintiffs.

16. JUWON SONG and CHAN YOUNG PARK paid Plaintiffs.

17. JUWON SONG and CHAN YOUNG PARK actively managed KINI LLC Corp.

18. JUWON SONG and CHAN YOUNG PARK reside in Bayside in the State of New York, Queens County.

19. JUWON SONG and CHAN YOUNG PARK acted intentionally and maliciously and are employers pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and are jointly and severally liable with KINI LLC Corp.

## STATEMENT OF FACTS

20. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiffs.

21. Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

22. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiffs at least the New York minimum wage for each hour worked.

23. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiffs their lawful minimum and overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

4

24. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

25. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

26. Upon information and belief, Defendants failed to keep full and accurate records in order: to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

27. At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiffs with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address, and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday.

28. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and payday.

*Plaintiff Tae Won Kim*

29. From October 2, 2019, until June 28, 2020, Plaintiff TAE WON KIM was employed by Defendants to work as a restaurant worker at 4227 35th Ave, Long Island City, NY 11101.

30. He regularly worked more than 8 hours per day and 5 days per week during his employment period.

*Plaintiff Hee Soo Kim*

31. From October 2, 2019, until June 28, 2020, Plaintiff HEE SOO KIM was employed by Defendants to work as a restaurant worker at 4227 35th Ave, Long Island City, NY 11101.

32. She regularly worked about 8 hours per day and 5 days per week during her employment period.

*Plaintiff Heather Kim*

33. From October 2, 2019, until April 5, 2020, Plaintiff Heather Kim was employed by Defendants to work as a restaurant worker at 4227 35th Ave, Long Island City, NY 11101.

34. She regularly worked 6 hours per day and 3-4 days per week during her employment period.

*All Plaintiffs*

35. Plaintiffs TAE WON KIM, HEE SOO KIM, and HEATHER KIM were never paid any wage for the hours they worked for Defendants during their employment period.

36. At all relevant times, Plaintiffs TAE WON KIM, HEE SOO KIM, and HEATHER KIM were not paid overtime pay for overtime work.

37. At all relevant times, Plaintiffs TAE WON KIM, HEE SOO KIM, and HEATHER KIM were never informed of their hourly pay rate or any tip deductions toward the minimum wage.

38. Throughout their employment, Plaintiffs TAE WON KIM, HEE SOO KIM, and HEATHER KIM were not given a statement with their weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday in Korean, Plaintiffs' native language.

39. Throughout their employment, Plaintiffs TAE WON KIM, HEE SOO KIM, and HEATHER KIM were not compensated at least at one-and-one-half their promised hourly wage for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act-Unpaid Wage]

40. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

41. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs in full for some or all of the hours they worked.

42. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and an additional equal amount as liquidated damages.

43. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

### COUNT II.
### [Violation of New York Labor Law- Unpaid Wage]

44. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

45. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

46. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs, in full for some or all of the hours they worked.

47. Defendants knowingly, willfully, and maliciously violated Plaintiffs' rights by failing to pay their minimum wages in the lawful amount for hours worked.

48. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§ 190 et seq., §§ 650 et seq., and one hundred percent (100%) after April 9, 2011, under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act-Failure to Pay Overtime]

49. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

50. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

51. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 USC § 216(b).

52. Defendants' failure to pay Plaintiffs their overtime pay violated the FLSA.

53. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs or all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(I) and 215(a).

54. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements. 29 C.F.R. § 516.4.

55. Defendants willfully and maliciously failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

56. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## COUNT IV.
### [Violation of New York Labor Law-Failure to Pay Overtime]

57. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

58. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011, and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

59. At all relevant times, Defendants had a policy and practice of refusing to pay them overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs.

60. Defendants' failure to pay Plaintiffs their overtime pay violated the NYLL.

61. Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT V.
### [Violation of New York Labor Law-Failure to Provide Meal Periods]

62. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

63. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon

day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

64. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiffs worked.

65. Though the Department of labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

66. Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VI.
**[Violation of New York Labor Law-Failure to Keep Records]**

67. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

68. Defendants did not maintain, establish, and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

69. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fee, pursuant to the state law.

70. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

71. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VII.
### [Violation of New York Labor Law-Failure to Provide Time of Hire Wage Notice]

72. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

73. The NYLL and supporting regulations require employers to provide written notice of the rate, or rates of pay and the basis thereof, whether paid. by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

74. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to the rate of pay, regular pay cycle, and rate of overtime on their or their fIrst day of employment.

75. Defendants not only did not provide notice to each employee at Time of Hire but failed to provide notice to Plaintiffs even after the fact.

76. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI.
## [Violation of New York Labor Law-Failure to Provide Wage Statements]

77. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

79. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs and did not provide the paystub on or after Plaintiffs' payday.

80. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty-five percent (25%) prior to April 9, 2011,

and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

  d) An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

  e) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time orHire Notice detailing rates of pay and payday;

  f) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday;

  g) An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation pursuant to New York Labor Law;

  h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

  i) The cost and disbursements of this action;

  j) An award of prejudgment and post-judgment fees;

  k) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

  l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

## **JURY TRIAL**

A jury trial is demanded on all Counts.

Respectfully submitted,

                                              /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: JUWON SONG AND CHAN YOUNG PARK

  PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiffs TAE WON KIM, HEE SOO KIM, AND HEATHER KIM intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

KINI LLC CORP, <i>and</i>

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: December 9, 2020
   Fort Lee, NJ

               Ryan Kim Law, P.C.
               *Attorneys for Plaintiffs*

               */s/ Ryan Kim*
               Ryan Kim
               222 Bruce Reynolds Blvd. Suite 490
               Fort Lee NJ 07024
               Tel: (718) 573-1111
               Email: ryan@ryankimlaw.com

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

    KINI LLC CORP

---

    **PLEASE TAKE NOTICE**, that Plaintiffs TAE WON KIM, HEE SOO KIM AND HEATHER KIM as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    **PLAINTIFFS HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: December 9, 2020
    Fort Lee, NJ

                                      Ryan Kim Law, P.C.
                                      *Attorneys for Plaintiffs*

                                      */s/ Ryan Kim*
                                      Ryan Kim
                                      222 Bruce Reynolds Blvd. Suite 490
                                      Fort Lee NJ 07024
                                      Tel: (718) 573-1111
                                      Email: ryan@ryankimlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

/s/ Ryan Kim
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

# Settlement under the table is **prohibited** by the law.



Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

## Consult your attorney.