UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAE WON KIM, HEE SOO KIM, and HEATHER KIM,

                              Plaintiffs,

-against-

KINI LLC CORP, JUWON SONG, and CHAN YOUNG PARK,

                              Defendants.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-6009 (LDH) (RER)

L**A**SHANN D**E**ARCY HALL, United States District Judge:

On June 13, 2022, Magistrate Judge Ramon E. Reyes, Jr. issued a report and recommendation (the "R&R"), recommending that the Court deny Defendants' Motion for Sanctions. (R&R, ECF No. 23.) Specifically, Judge Reyes made two recommendations. *First*, Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 should be denied because a Rule 11 motion is inappropriate to examine and address unresolved factual questions and legal disputes. *Second*, Defendants should be granted leave to renew their motion for sanctions once the case has been resolved on the merits to determine if Plaintiffs' initial filing of the case was improper.

On June 24, 2022, defense counsel filed timely objections. (Defs.' Objs., ECF No. 25.) Defendants first disagreed with Judge Reyes's conclusion that Rule 11 sanctions are inappropriate because their motion raises issues of legal sufficiency in the Complaint for which a motion for summary judgment is the proper vehicle to use to resolve these issues. (Defs.' Mem. Supp. Objs., at 2.) Defendants further disagreed with Judge Reyes's holding that their Rule 11 motion requires the Court to examine the evidentiary record and make factual determinations

regarding the claims. (*Id.*) Defendants argue that the Court is not required to examine the record, but rather must determine whether an attorney abused the judicial process and engaged in sanctionable behavior related to factual and legal issues of a case. (*Id.*) Here, defense counsel asserts that Plaintiffs' counsel abused the judicial process by making false statements to the Court and failing to conduct a "reasonable prefiling inquiry" before filing a Complaint that is "unsupported by facts and [which are] legally untenable". (*Id.* at 3–5.) Defense counsel also states that Plaintiffs' counsel knew or should have known that their claims are based in state law rather than in federal law, and still chose to bring suit and "improperly invoke[] subject matter jurisdiction". (*Id.* at 4–5.)

Upon de novo review, this Court agrees with Magistrate Judge Reyes's recommendation that sanctions be denied at this stage. The Defendants have not demonstrated that Plaintiffs exhibited sanctionable behavior. As Magistrate Judge Reyes helpfully noted, Defendants here have not moved to dismiss Plaintiffs' claims or moved for summary judgment, and unresolved factual issues still remain. (R&R 9–10.) Therefore, entertaining a motion for sanctions is inappropriate at this juncture.

Further, Defendants cite to caselaw that not only does not support its position, but provides that much more support for Judge Reyes's recommendation. For example, Defendants cite to helpful rules about what constitutes sanctionable behavior but the courts in those cases ultimately refused to issue sanctions. Defendants reference two cases for the proposition that where a complaint's deficiencies were "so blatant" or where a party continuously asserts an unfounded position, such conduct is sanctionable. (Defs.' Obj. 2, 4 (citing *Silverman v. Town of Riverhead*, CV-07-3235, 2008 WL 11449317, at *6 (E.D.N.Y. Sept. 11, 2008) and *Krauth v. Executive Telecard, Ltd.*, 870 F. Supp. 543, 549 (S.D.N.Y. 1994)).) But in both cases, the courts

ultimately refused to issue sanctions. In fact, the court in *Silverman* expressed the same concerns that Magistrate Judge Reyes had with respect to sanctions, specifically that Rule 11 motions are not the proper vehicle to raise issues of legal and factual sufficiency. (R&R 9; *see also Silverman*, 2008 WL 11449317, at *6 (stating that the court is "cognizant of the oft-cited principle that a Rule 11 sanctions motion may not properly substitute for a motion to dismiss or a summary judgment motion" and holding that Rule 11 sanctions is not justified where, as here, "there are clearly factual and legal issues . . . which clearly cannot and should not be decided at this juncture by the Court as part of a Rule 11 sanctions motion".))

Defense counsel also relies on cases where sanctions were issued but *after* some type of briefing and decision on the issues was made, which is not the case here. Defendants cite to *Bunnell v. Haghighi*, 183 F. Supp. 3d 364 (E.D.N.Y. 2016), but the court granted sanctions *after* a bench trial. In *LaVigna v. WABC Television, Inc.*, 159 F.R.D. 432 (S.D.N.Y. 1995), the court granted the defendant's motion to dismiss certain of plaintiff's claims *first* before granting Rule 11 sanctions. As stated above, the Defendants have yet to move to dismiss the case or move for summary judgment. The court in *Silverman* also noted that the moving party requesting sanctions did not adequately demonstrate that sanctions were warranted because they did not cite to cases that dealt with the imposition of Rule 11 sanctions at the same procedural stage as their own case. 2008 WL 11449317, at *6. Defendants' argument also suffers from the same weakness.

Having reviewed the R&R for clear error and, finding none, the Court hereby ADOPTS the R&R in its entirety as the opinion of this Court. As recommended by Judge Reyes, Defendants' motion for sanctions is denied, and Defendants are granted leave to renew their motion for sanctions once the case has been resolved on the merits.

                                                SO ORDERED.

Dated: Brooklyn, New York             /s/ LDH
       September 30, 2022             L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                       United States District Judge